# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | In Proceedings Under Chapter 13 |
| Ronald Howard Dwyer, III | BK 17−31200−lkg |
| Debtor(s) | |

SSN/Individual Taxpayer ID Number (ITIN):

xxx−xx−3393

# ORDER CONFIRMING CHAPTER 13 PLAN

The Court finds that the plan (and if applicable as amended or modified) meets the requirements of 11 U.S.C. § 1325.

**IT IS ORDERED THAT:**

The debtor's Chapter 13 plan is confirmed.

By April 30th of each year, the Debtor(s) shall provide the Trustee with a true and complete signed copy of their state and federal income tax return(s) for the preceding year. If an extension is filed, or the Debtor(s) are not required to file a return, by April 30th of each year, the Debtor(s) shall provide the Trustee with an executed copy of the extension, or Affidavit stating they are not required to file said return(s). The Trustee shall compute the amount, if any, of the Debtor(s)' refund that must be turned over and send the Debtor(s) a letter notifying them of this amount. This amount is calculated as follows: any amount (excluding that received before the commencement of the case) that exceeds (i) monies credited for Earned Income Credit and/or Child Tax Credit plus (ii) $750.00 per Debtor.

These additional proceeds shall increase the minimum required distribution to the Debtor(s)' allowed general unsecured creditors and the Trustee is authorized to increase the base amount of the Debtor(s)' Plan accordingly. Said funds must be tendered to the Trustee within 30 days of the date of said letter. Failure of the Debtor(s) to comply with any of the time parameters set forth herein will result in the dismissal of the case without further notice or hearing upon the Trustee's certification of said default. Notwithstanding the foregoing, nothing contained herein shall prohibit the Debtor(s) from timely filing a Motion with the Court, seeking authorization to retain all or any portion of such future tax refunds upon a showing of substantial need.

The attorney for the debtor(s) shall be paid attorney's fees as specified in the plan, and according to the Court's Chapter 13 Procedures Manual.

Confirmation of this plan does not remove the attorney for the debtor as attorney of record in this case. The attorney for the debtor shall remain counsel of record until the earliest of either the closing of the case or the entry of an order allowing the attorney for the debtor to withdraw as counsel.

No payment in an amount less than $15.00 shall be distributed by the Trustee to any creditor. Funds not distributed because of Bankruptcy Rule 3010(b) shall be paid whenever the accumulation aggregates $15.00. Any funds remaining shall be distributed with the final payment.

In the event that the number of creditors filing Proofs of Claim is less than the number of creditors in the debtor's bankruptcy petition, the Trustee is directed to distribute all of the proceeds of the debtor's plan to those creditors whose claims have been allowed, but not to exceed 100 percent of the amount of any claim.

| | |
|---|---|
| ENTERED: January 3, 2018 | /s/ Laura K. Grandy |
| | UNITED STATES BANKRUPTCY JUDGE |